IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHONDA MASTON-MEADOWS, on behalf of herself and all others similarly situated, | ) ) ) ) |
| *Plaintiff*, | ) ) Case No. 2:21-cv-1073 |
| v. | ) ) ) |
| KONINKLIJKE PHILIPS N.V., PHILIPS NORTH AMERICA LLC, PHILIPS HOLDING USA, INC. AND PHILIPS RS NORTH AMERICA, LLC, | ) ) ) ) ) |
| *Defendants*. | ) |

### DEFENDANT PHILIPS HOLDING USA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS PENDING A DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION ON A MOTION TO TRANSFER

Defendant Philips Holding USA, Inc.'s ("Philips"),[1] through its undersigned counsel, respectfully moves to stay all proceedings in this action, including the filing of answers, motions to dismiss, and other responsive pleadings by all parties, until the Judicial Panel on Multidistrict Litigation ("JPML") issues a decision on a pending motion to consolidate the over 80 lawsuits filed across the country making similar allegations concerning Philips' recall of certain sleep and respiratory care devices.[2] A hearing before the JPML on the unopposed motion to consolidate took place *yesterday*, on September 30, 2021, and a ruling by the JPML is expected within approximately two weeks. To date, this Court and similarly-situated judges in the Eastern District

---

[1] On 08/26/2021, Koninklijke Philips N.V., Philips North America LLC, and Philips RS North America, LLC agreed to waive the service of summons in this action and are not due to respond to the Complaint until 11/24/2021 and 10/25/2021, respectively. This Motion, if granted, would obviate the need for a response on its part until after there is a ruling by the JPML and a schedule entered by the MDL court.

[2] By filing this Motion, Philips does not waive, and expressly reserves, its right to answer or move against the Complaint in this action and assert any and all defenses, including those available under Federal Rules of Civil Procedure 8, 9, and 12(b).

1

of Pennsylvania, Middle District of Florida, Middle District of Georgia, Eastern District of Louisiana, Middle District of Louisiana, Northern District of Alabama, Eastern District of Virginia, Southern District of West Virginia, Northern District of California, Central District of California, and District of Delaware have granted the same stay Philips requests here.  Your Honor not only entered stays in *Autry v. Koninklijke Philips N.V., et al.*, *Baughman v. Koninklijke Philips N.V., et al.*, and *Thomas v. Koninklijke Philips N.V. et al.*, but also administratively closed the cases and directed in *Thomas* that any request to lift the stay be by a Joint Status Report of the parties.[3]  Copies of the stay orders issued to date are attached hereto as Exhibit A.[4]

---

[3]    *See* Order Granting Unopposed Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation on a Motion to Transfer, *Autry v. Koninklijke Philips N.V., et al.*, 2:21-cv-00983 (MRH) (W.D. Pa.) (ECF No. 16) (granting unopposed motion and administratively closing case); Order Granting Unopposed Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation on a Motion to Transfer, *Baughman v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-01017 (MRH) (W.D. Pa.) (ECF No. 15) (granting unopposed motion and administratively closing case); Order Granting Motion to Stay Proceedings until JMPL decision, *Thomas v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-00874 (MRH) (W.D. Pa.) (ECF 19); Order, *Thomas v. Koninklijke Philips N.V. et. al.*, 2:21-cv-00874 (MRH) (W.D.Pa.) (ECF No. 20).

[4]    *See* Order Granting Motion to Stay Pending a Ruling Regarding Consolidation from the Judicial Panel on Multidistrict Litigation, *Autry et al. v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-00983 (W.D. Pa.) (ECF No. 16) (granting unopposed stay motion); Order, *Ballenger v. Koninklijke Philips N.V., et al.*, No. 5:21-cv-01085 (LCB) (N.D. Ala.) (ECF No. 5) (granting unopposed motion to stay); Order Granting Unopposed Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation on a Motion to Transfer, *Baughman v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-01017 (MRH) (W.D. Pa.) (ECF No. 15) (granting unopposed motion to stay); Order, *Elaine Davis v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-01010 (AKK) (N.D. Ala.) (ECF No. 8) (granting opposed motion to stay); Order, *Thomas Davis v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-01009 (ACA) (N.D. Ala.) (ECF No. 11) (granting unopposed motion to stay); Order, *Emmino v. Koninklijke Philips N.V., et al.*, No. 8:21-cv-01609 (MSS) (M.D. Fl.) (ECF No. 11) (granting unopposed stay motion); Order, *Farmer v. Koninklijke Philips N.V., et al.*, No. 5:21-cv-00428 (FWV) (S.D. W.Va.) (ECF No. 11) (granting unopposed motion to stay); Order Granting Motion to Stay Pending a Ruling Regarding Consolidation from the Judicial Panel on Multidistrict Litigation, *Heller v. Koninklijke Philips N.V., et al.*, No. 4:21-cv-00111 (CDL) (M.D. Ga.) (ECF No. 21) (granting opposed stay motion); Order re Stipulation to Stay Action Pending Decision by the Judicial Panel on Multidistrict Litigation, *Mitrovich v. Koninklijke Philips N.V. et al.*, No. 2:21-cv-05793 (DMG) (C.D. Cal.); Order, *Powell, et al. v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-03412 (TJS) (E.D. Pa.) (ECF No. 7) (granting unopposed motion to stay); Order Granting Unopposed Motion to Stay, *Shrack v. Koninklijke Philips N.V., et al.*, No. 1:21-cv-00989 (CFC) (D. Del.) (ECF No. 8) (granting motion to stay); Order, *Starner v. Koninklijke Philips N.V., et al.*, No. 2:21-CV-0925 (TJS) (E.D. Pa.) (ECF No. 16) (granting unopposed motion to stay); Order, *Stewart v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-01355 (EEF) (E.D. La.) (ECF No. 8) (granting unopposed motion to stay); Order Granting Motion to Stay proceedings until JMPL decision, *Thomas v. Koninklijke Philips N.V. et. al.*, 2:21-cv-00874 (MRH) (W.D.Pa.) (ECF No. 19) (granting stay and

2

A stay of all proceedings pending a ruling by the JPML on consolidation is warranted for judicial efficiency and to prevent inconsistent rulings on issues that would be addressed on a uniform basis if consolidation is granted. Moreover, a stay will not prejudice any party, as this case has only just been filed on August 12, 2021 and consolidation of the cases is expected to occur within a matter of weeks, including designation of an MDL court.

## BACKGROUND

On June 14, 2021, Philips instituted a voluntary recall[5] of certain Continuous Positive Airway Pressure ("CPAP"), Bi-Level Positive Airway Pressure ("Bi-Level PAP"), and mechanical ventilator prescription medical devices (collectively, the "Recalled Devices"), which are used to treat certain sleep and respiratory conditions, including sleep apnea. According to the Complaint filed in this action, the Recalled Devices are equipped with a polyester-based polyurethane ("PE-PUR") sound abatement foam component that may degrade and may off-gas certain chemicals over time under certain circumstances. Philips has announced that it will replace the PE-PUR foam in all Recalled Devices with a new material as expeditiously as possible subject to required regulatory approvals.[6]

---

administratively closing case for period of stay); Order, *Thomas v. Koninklijke Philips N.V. et. al.*, 2:21-cv-00874 (MRH) (W.D.Pa.) (ECF No. 20) (requiring counsel to file a Joint Status Report for any request to lift stay); Order, *Van Horn v. Philips North America LLC, et al.*, No. 3:21-cv-00526-JAG (E.D. Va.) (ECF No. 10) (granting opposed motion to stay); Order, *Walker v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-01472 (E.D. La.) (ECF No. 9) (granting unopposed motion to stay).

[5]   *See* Philips Recall Notice (June 14, 2021) at 2 ("Recall Notice"), https://www.usa.philips.com/a-w/about/news/archive/standard/news/press/2021/20210614-philips-issues-recall-notification-to-mitigate-potential-health-risks-related-to-the-sound-abatement-foam-component-in-certain-sleep-and-respiratory-care-devices.html.

[6]   Recall Notice at 3; see also Philips, Philips starts repair and replacement program of first-generation DreamStation devices in the US in relation to earlier announced recall notification (Sep. 1, 2021), https://www.philips.com/a-w/about/news/archive/standard/news/press/2021/20210901-philips-starts-repair-and-replacement-program-of-first-generation-dreamstation-devices-in-the-us-in-relation-to-earlier-announced-recall-notification.html..

Plaintiff in this case purports to bring suit on behalf of a United States putative class of purchasers and users of the Recalled Devices, and alleges that Philips knew about and failed to disclose potential issues with the PE-PUR foam before the recall was announced and that Philips made misrepresentations in connection with the sale of the Recalled Devices. Among other claims, Plaintiff asserts claims for alleged violations of Pennsylvania's consumer protection statute, as well as warranty, fraud, negligent misrepresentation, unjust enrichment, and medical monitoring claims.

More than 80 other lawsuits (with the instant action, the "Actions") making similar allegations concerning the recall and asserting similar claims have been filed against Philips.[7] Additional such suits continue to be filed with regularity in federal courts across the country.

---

[7] *See, e.g.*, *Akers v. Koninklijke Philips, N.V., et al.*, 2:21-cv-01008 (MRH) (W.D. Pa.); *Algofi et al. v. Koninklijke Philips, N.V., et al.*, 1:21-cv-11150 (D. Mass.); *Anthony v. Koninklijke Philips N.V., et al.*, No.2:21-cv-1034 (MRH) (W.D. Pa.); *Autry v. Koninklijke Philips N.V., et al.*, 2:21-cv-00983 (MRH) (W.D. Pa.); *Ballenger v. Koninklijke Philips, N.V., et al.*, No. 5:21-cv-01085 (N.D. Ala.); *Bartley v. Koninklijke Philips, N.V., et al.*, No. 1:21-cv-11206 (DJC) (D. Mass.); *Basemore v. Koninklijke Philips, N.V., et al.*, No. 1:21-cv-11208 (DJC) (D. Mass.); *Bellotti v. Koninklijke Philips, N.V., et al.*, No. 2:21-cv-01045 (W.D. Pa.); *Bossey v. Koninklijke Philips, N.V., et al.*, No. 2:21-cv-930 (W.D. Pa.); *Boudreau v. Koninklijke Philips, N.V., et al.*, 1:21-cv-11095 (DJC) (D. Mass); *Brown v. Steven P. Fulton et al.*, No. 3:21-cv-00438 (M.D. La.); *Cohen v. Koninklijke Philips, N.V., et al.*, No. 2:21-cv-00984 (MRH) (W.D. Pa.); *Elaine Davis v. Koninklijke Philips, N.V., et al.*, No. 2:21-cv-01010 (AMM) (N.D. Ala.); *Thomas Davis v. Koninklijke Philips, N.V., et al.*, No. 2:21-cv-01009 (SGC) (N.D. Ala.); *Dedman et al. v. Philips North America LLC, et al.*, 1:21-cv-11232 (D. Mass.); *Emmino v. Koninklijke Philips, N.V., et al.*, No. 8:21-cv-1609 (M.D. Fla.) (MSS); *Farmer v. Koninklijke Philips N.V., et al.*, 5:21-cv-00428 (FWV) (S.D.W. Va.); *Feick v. Koninklijke Philips, N.V., et al.*, No. 1:21-cv-11221 (DJC) (D. Mass.); *Graham v. Respironics, Inc., et al.*, No. 3:21-cv-00485 (BJB) (W.D. Ky.); *Griffin v. Koninklijke Philips, N.V., et al.*, No. 1:21-cv-11077 (DJC) (D. Mass.); *Heilman v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-00862 (MRH) (W.D. Pa.); *Heller v. Koninklijke Philips, N.V., et al.*, No. 4:21-cv-0111 (CDL) (M.D. Ga.); *Hufnus, et al. v. Koninklijke Philips, N.V., et al.*, No. 1:21-cv-11130 (DJC) (D. Mass.); *Jones, et al. v. Koninklijke Philips, N.V., et al.*, No. 2:21-cv-00975 (MRH) (W.D. Pa.); *Manna v. Philips North America LLC, et al.*, No. 1:21-cv-11-17 (DJC) (D. Mass.); *Martin et al. v. Philips North America LLC, et al.*, 1:21-cv-11239 (DJC) (D. Mass.); *McGuire v. Philips North America LLC, et al.*, No. 2:21-cv-11153 (DJC) (D. Mass.); *Miller et al. v. Koninklijke Philips, N.V., et al.*, 3:21-cv-01174 (D. Or.); *Mitrovich v. Philips North America LLC, et al.*, 2:21-cv-5793 (C.D. Ca.); *Oldigs v. Philips North America LLC, et al.*, No. 1:21-cv-11078 (DJC) (D. Mass.); *Osman v. Koninklijke Philips, N.V., et al.*, No. 21-cv-11017 (DJC) (D. Mass.); *Peebles, et al. v. Koninklijke Philips, N.V., et al.*, No. 2:21-cv-00962 (MRH) (W.D. Pa.); *Powell et al. v. Koninklijke Philips, N.V., et al.*, 2:21-cv-03412 (E.D. Pa.); *Ramirez v. Philips North America LLC, et al.*, No. 1:21-cv-11132 (DJC) (D. Mass.); *Schuckit v. Philips North America LLC, et al.*, No. 1:21-cv-11088 (DJC) (D. Mass.); *Shelton v. Koninklijke Philips, N.V., et al.*, No. 1:21-cv-11076 (DJC) (D. Mass.); *Shrack v. Koninklijke Philips, N.V., et al.*, No. 1:21-cv-00989 (D. Del.); *Sizemore v. Koninklijke Philips, N.V., et al.*, No. 1:21-cv-00134 (LAG) (M.D. Ga.); *Starner v. Koninklijke Philips, N.V., et al.*, No. 2:21-cv-2925 (TJS) (E.D. Pa.); *Stewart v. Koninklijke Philips, N.V., et al.*, No. 2:21-cv-01355 (EEF) (E.D. La.); *Swann v. Koninklijke Philips, N.V., et al.*, No. 1:21-cv-11142 (DJC) (D. Mass.);

On July 7, 2021, the plaintiff in one of the Actions, *Starner v. Koninklijke Philips, N.V., et al.*, No. 2:21-cv-2925 (TJS) (E.D. Pa.), filed a Motion for Transfer and Coordination or Consolidation (the "MDL Motion") with the JPML, requesting to centralize the Actions (and any future-filed "tag-along" actions), which includes the instant action, for coordinated pretrial discovery and proceedings in a multidistrict litigation ("MDL") pursuant to 28 U.S.C. § 1407.[8] On July 29, 2021, Philips filed a brief with the JPML supporting centralization of the Actions. No party has opposed centralization and at the hearing before the JPML yesterday that was uniform support by all counsel for centralization with the only issue addressed being the location of the MDL Court. Given the impending centralization, Philips has been filing, and intends to continue to file, motions in all of the pending actions to stay proceedings pending action by the JPML and the MDL court. Philips has filed a number of other motions, including ones before this Court, to stay proceedings pending action by the JPML and the MDL court without opposition.[9]

---

*Thomas v. Koninklijke Philips, N.V., et al.*, No. 2:21-cv-00874 (CCW) (W.D. Pa.); *Walker v. Koninklijke Philips, N.V., et al.*, No. 2:21-cv-01472 (JCZ) (E.D. La.).

[8]   *See In re: Philips Recalled CPAP, Bi-Level PAP, and Ventilator Litigation*, MDL No. 3014 (J.P.M.L. filed July 7, 2021) (ECF No. 1-1).

[9]   *See, e.g.*, Defendants Philips North America LLC's and Philips RS North America LLC's Unopposed Motion to Stay Proceedings Pending a Decision by the JPML, *Starner v. Koninklijke Philips N.V., et al.*, No. 2:21-cv-02925 (E.D. Pa.) (ECF No. 14); Defendants Philips North America, LLC and Philips RS North America, LLC's Unopposed Motion to Stay Proceedings Pending a Decision by the JPML, *Emmino v. Koninklijke Philips N.V., et al.*, No. 8:21-cv-01609 (M.D. Fl.) (ECF No. 5); Defendants Philips North America LLC and Philips RS North America LLC's Unopposed Motion to Stay Proceedings Pending a Decision by the JPML, *Shrack v. Koninklijke Philips N.V., et al.*, No. 1:21-cv-00989 (D. Del.) (ECF No. 5); Notice of No Opposition to Philips North America LLC's Motion to Stay Proceedings Pending A Decision by the Judicial Panel on Multidistrict Litigation on a Motion to Transfer, *Stewart v. Koninklijke Philips N.V., et al.,* No. 2:21-cv-01355 (E.D. La.) (ECF No. 6); Defendants Philips North America LLC's and Philips RS North America LLC's Unopposed Motion to Stay Proceedings Pending a Decision by the JPML, *Thomas v. Koninklijke Philips N.V., et al.*, No. 2:21- cv-00874 (W.D. Pa.) (ECF No. 18); Defendants Philips North America LLC and Philips RS North America LLC's Consented-To Motion to Stay Proceedings Pending a Decision by the JPML, *Osman v. Koninklijke Philips N.V., et al.*, No. 1:21-cv-11199 (D. Mass.) (ECF No. 10); Defendant Philips North America LLC's Unopposed Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation on a Motion to Transfer, *Autry v. Koninklijke Philips N.V., et al.*, 2:21-cv-00983 (MRH) (W.D. Pa.) (ECF No. 14).

To promote judicial economy and avoid prejudice to any party, Philips respectfully requests a stay of all proceedings in this action pending the JPML's decision on the MDL Motion and the entry of a scheduling order by the MDL Court.

### ARGUMENT

There is a "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"—"the power to stay proceedings is incidental to [that inherent] power." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). It is widely recognized as prudent to stay cases pending a ruling by the JPML on a motion to transfer and consolidate pending cases. *See, e.g.*, Manual Complex Lit. § 22.35 (4th Ed. 2004) ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases.").

When evaluating a motion to stay in this context, courts consider (i) potential prejudice to the non-moving party, (ii) hardship and inequity to the moving party without a stay, and (iii) judicial economy. *See Cirulli v. Bausch & Lomb, Inc.*, No. 08-4579, 2009 WL 545572, at *2 (E.D. Pa. 2009) ("Courts have considered . . . the promotion of judicial economy . . . the balance of harm to the parties . . . and the duration of the requested stay."). As noted, courts "frequently grant stays pending a decision by the [JPML] regarding whether to transfer a case." *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009); *see also Deoleo v. U.S. Liability Insurance Co.,* No. 20-2301, 2020 WL 9763085, at *1-2 (E.D. Pa. 2020) (granting stay pending a ruling by the JPML and finding "all factors weigh in favor of a stay"); *Cirulli*, 2009 WL 545572, at *2 (granting stay pending JPML decision because "there are common issues of fact between this action and the MDL, a stay would promote judicial economy, the potential harm to the parties

weighs in favor of the defendant, and the duration of the requested stay would not be detrimental"); *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, Nos. 92-1030, 1992 WL 102762, at *1-2 (E.D. Pa. 1992) (granting "stay pending the JPML decision," and noting that "any prejudice to the plaintiffs is clearly outweighed by the considerations of judicial economy and possible prejudice to the defendants").

Because stays pending JPML decisions generally benefit all parties, including by avoiding duplicative pretrial practice, parties frequently move for such stays jointly. *See* Joint Motion to Stay Proceedings Pending Decision by the Judicial Panel on Multidistrict Litigation, *Dore v. Wells Fargo Bank*, No. 2:19-cv-01601 (MJH) (W.D. Pa.); Memorandum of Law in Support of Defendants' Motion to Stay Proceedings Pending Decision by Judicial Panel on Multidistrict Litigation, *Edgar v. Bristol-Myers Squibb Co.*, No. 1:16-cv-00654 (CCC) (M.D. Pa.).

Here, each factor weighs in favor of granting a stay.

## I.  A STAY WILL NOT PREJUDICE PLAINTIFF.

Plaintiff "will not be substantially prejudiced by staying this action pending the decision of the JPML," because any such stay will be in effect only "until the JPML issues its decision" and thus will result in "no extended delay" of the proceedings. *See Am. Seafood, Inc.*, 1992 WL 102762, at *1. Courts frequently have found that stays pending JPML decisions do not prejudice plaintiffs because such stays generally are brief. *See id.* (finding that plaintiff would not be prejudiced by a stay that would "only be in effect until the JPML issues its decision" and therefore there would "be no extended delay in the commencement of discovery"); *Cirulli*, 2009 WL 545572, at *3 (finding that even though the duration of the stay was unknown, the "factors of judicial economy and prejudice to the parties clearly outweighs the uncertainty of the pending duration").

7

Here, the JPML heard oral argument on the MDL Motion yesterday, on September 30, 2021, and will likely rule on the motion in the next two weeks. Accordingly, any delay in this action will likely be very brief and will not prejudice Plaintiff. *See* Multidistrict Litigation Manual § 4:27 (2014 ed.) ("In most cases the Panel decides the matter before it within a short period."); *Bloom v. General Motors LLC*, No. 3:CV-14-1903, 2015 WL 140037, at *2 (M.D. Pa. Jan. 12, 2015) ("[B]ecause the stay will not last for an extended period, [plaintiff] will suffer little, if any, prejudice from a stay."). This is particularly the case here because "[t]here has been very little activity in th[is] matter thus far," the "court has not issued any discovery orders or a Scheduling Order, and a Scheduling Conference has not yet been held." *Alves v. Prospect Mortgage, LLC*, No. 13-10985, 2013 WL 5755465, at *3 (D. Mass. Oct. 22, 2013); *see also Deoleo*, 2020 WL 9763085, at *1 (holding that a case being in its early stages "favors granting a stay").

"Even if a temporary stay" could "be characterized as a delay prejudicial to plaintiffs," as discussed below, "there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay." *Egon v. Del-Val Fin. Corp.*, No. 90-Civ-4338, 1991 WL 13726, at *1 (D.N.J. Feb 1, 1991); *see City of New Castle v. Purdue*, No. 18-1472, 2018 WL 3438841, at *3 (E.D. Pa. July 16, 2018) (granting stay where "[a]lthough there is a possibility that any delay will prejudice Plaintiffs, we do not find any delay that might result from a stay would be overly prejudicial"). Here, any prejudice to Plaintiff is offset by the fact that many other plaintiffs' lawyers have agreed to a stay in related actions and courts have granted such stays—having one case advance in a divergent manner will burden judicial economy and impose hardship upon Philips, particularly given the impending JPML decision.

## II.     PHILIPS WILL SUFFER HARM ABSENT A STAY.

If this action is not stayed, Philips will be prejudiced by having to litigate duplicative matters in numerous jurisdictions and venues. Briefing to the JPML on the MDL Motion is complete and, while there have been many suggestions with respect to the appropriate jurisdiction, all filers strongly support consolidation in an MDL proceeding. Forcing Philips to incur significant costs in responding to the Complaint notwithstanding the likelihood of a superseding consolidated complaint, while simultaneously attending to the JPML proceedings and serially litigating the other Actions, would defeat the efficiency that MDL proceedings were designed to achieve. *See* Manual Complex Lit. § 22.35 (4th Ed. 2004) ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases."); *Abshire v. Davol, Inc.*, No. 2:18-CV-268, 2018 WL 2538746, at *3 (S.D. Ohio June 4, 2018) ("If numerous courts, including this Court, proceed with pretrial matters in advance of the JPML's decision, then the efforts of the courts and litigants may be needlessly repeated."); *Jones v. Bristol-Myers Squibb Co.*, No. C 13-2415 PJH, 2013 WL 3388659, at *2 (N.D. Cal. July 8, 2013) (granting stay to "prevent duplicative pretrial practice in the likely event that the case is definitively transferred"); *Pennsylvania et rel. Kane v. McGraw-Hill Co.*, No. 1:13-CV-605, 2013 WL 1397434, at *4 (M.D. Pa. Apr. 5, 2013) ("Courts often stay proceedings pending action by the JPML to preserve judicial resources and to ensure consistency in the disposition of like matters.").

Absent a stay, Philips also will suffer the prejudice of having to litigate potentially conflicting rulings in the various Actions. *See Cirulli,* 2009 WL 545572, at *3 (granting stay where "[a]llowing the [plaintiffs] to proceed may subject [defendants] to competing pretrial and discovery ruling . . . [and] this litigation would benefit from the orderly, consolidated discovery

9

and motions schedule to be provided in the multi-district litigation"). Thus, Philips has been filing, and will continue to file, similar stay motions in the other Actions, many of which have been, and it anticipates will be, unopposed.

### III.    A STAY WILL CONSERVE JUDICIAL RESOURCES.

Finally, the requested stay will save judicial resources. "Transfers pursuant to § 1407 are meant to," among other things, "conserve the resources of the parties, their counsel and the judiciary." *Good*, 624 F. Supp. at 135. While "little or no judicial resources are expended during the pendency of a stay," *Automated Transactions LLC v. Bath Savings Institution*, No. 2:12-cv-393, 2013 WL 1346470, at *2 (D. Me. Mar. 14, 2013), a court risks "[d]uplication of case management tasks" if it declines to stay its proceedings pending resolution of transfer issues. *Fuller v. Amerigas Propane, Inc.*, No. 09-2616 TEH, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009); *Am. Seafood, Inc.,* 1992 WL 102762, at *2 ("The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay"). "There is simply no reason for this Court to expend its time and energy on [this Action] until the pending motion before the MDL Panel is resolved, as transfer of this matter to another court would render redundant the efforts of this Court." *Id.*; *see City of New Castle*, 2018 WL 3438841, at *3 ("[D]enying a stay could result in both parties engaging in duplicative litigation possibly defeating the interests of judicial economy and efficiency.").

Here, given the pending MDL Motion (which likely will be decided immediately), it would waste the Court's resources to consider an answer or motion to dismiss with respect to the existing Complaint in this action. *See U.S. Bank v. Royal Indemnity Co.*, No. 3:02-CV-0853, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) ("If the MDL Motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be

wasted."); *Cirulli*, 2009 WL 545572, at *3 (noting that any ruling the court may make "may turn out to have no effect, if and when [the transfer to the JPML] is finalized . . . judicial economy is best promoted by [resolving] these issues for all parties at one time"); *Pennsylvania ex rel. Kane*, 2013 WL 1397434, at *4 ("[I]t would be a waste of judicial resources to proceed with the instant matter when the JPML is considering the consolidation of 17 identical cases . . . [d]enying a stay would result in duplicative motions practice").

## CONCLUSION

For the foregoing reasons, Philips respectfully requests that this Court enter an order staying all proceedings in this action until further order of the Court after the JPML has decided whether to centralize the Actions, including this action, in an MDL proceeding and the MDL Court had issued a scheduling order.[10] In the alternative, should the Court issue an order denying this Motion, Philips respectfully requests 60 days from the date of that order to answer or move to dismiss the Complaint in this action.

Dated: October 1, 2021

Respectfully Submitted,

*/s/John P. Lavelle, Jr.*
John P. Lavelle, Jr. (PA ID # 54279)
john.lavelle@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000

*Counsel for Defendant Philips Holding USA, Inc.*

---

[10] If the JPML issues an order denying the MDL Motion, Philips respectfully requests 60 days from the date of that order to answer or move to dismiss the Complaint or any superseding Complaint in this action.

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2021, the foregoing document was electronically filed with the Clerk of the Court and served upon counsel of record through the Court's ECF filing system.

/s/*John P. Lavelle, Jr.*
John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000